NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PRAVIN AHIR; NEOMI HOSPITALITY, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF ANAHEIM, a municipal corporation, <br><br> Defendant - Appellee. | No. 24-4485 <br><br> D.C. No. 8:22-cv-01581-JVS-ADS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 3, 2025**
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges.

Plaintiffs Pravin Ahir and Neomi Hospitality, Inc. appeal the district court's

grant of summary judgment in favor of Defendant City of Anaheim on Plaintiffs'

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

procedural due process claim under 42 U.S.C. § 1983 and petition for a writ of mandate under Cal. Civ. Proc. Code § 1094.5.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo and view the evidence in the light most favorable to Plaintiffs. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1235 n.1 (9th Cir. 2012). We affirm.

Plaintiffs own and operate the Travel Inn Motel (Travel Inn), located in Anaheim, California. In 2021, the City launched the "Rebuild Beach" effort to improve the quality-of-life surrounding West Anaheim neighborhoods and targeted Travel Inn as a priority site given its poor maintenance and the criminal activity that had occurred on the property. After several hearings, the City amended Travel Inn's Conditional Use Permit (CUP), adding conditions of approval "to protect the public peace, health, safety, or general welfare." Plaintiffs sued the City and argued that they were deprived of a fair hearing in violation of procedural due process because the City did not disclose that, at the time of their CUP hearing, Anaheim Mayor Harish Singh Sidhu was under FBI investigation for possible corruption involving the sale of Angel Stadium.

1.     The district court properly entered summary judgment on Plaintiffs' procedural due process claim for two independent reasons. First, Plaintiffs failed

---

[1] Plaintiffs do not argue that summary judgment was improper on their other constitutional claims, so we do not address those claims. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

to present any evidence or argument to support their theory that the City's alleged constitutional violation was pursuant to a policy, practice, or custom, which is required to bring suit under § 1983 against a local government. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Second, Plaintiffs did not present any evidence connecting Mayor Sidhu's corruption investigation to Travel Inn's CUP proceeding or otherwise show that Mayor Sidhu had any interest in the outcome of the proceeding to support a claim of unconstitutional bias. *See Diamond S.J. Enter., Inc. v. City of San Jose*, 100 F.4th 1059, 1070 (9th Cir. 2024) (explaining that due process is violated if a decisionmaker has a "'direct, personal, substantial pecuniary interest' in the proceedings" or "because of his institutional responsibilities, would have 'so strong a motive' to rule in a way that would aid the institution" (quoting *Alpha Epsilon Phi Tau Chapter Housing Ass'n v. City of Berkeley*, 114 F.3d 840, 844 (9th Cir. 1997))). Plaintiffs thus failed to raise a genuine dispute of material fact to rebut the "'presumption of honesty and integrity' on the part of [the] decision-makers." *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Therefore, summary judgment was appropriate.

2.      The district court also properly dismissed Plaintiffs' state law petition for a writ of mandate because it was untimely. The City's decision became final on May 24, 2022. *See* Anaheim Mun. Code § 1.12.100.060. Plaintiffs' petition

was filed on August 24, 2022, and thus untimely by two days.  *See* Cal. Civ. Proc. Code § 1094.6(b) (stating the writ must be filed within 90 days of a final decision). Further, the petition was not served on the City until November 30, 2022, rendering service untimely by over three months.  *See* Cal. Gov't Code § 65009(c)(1) (requiring service within 90 days of a final decision).  Because Plaintiffs' petition for a writ of mandate was untimely, summary judgment was proper.

**AFFIRMED.**